## JAMES W. ENGLISH'S ADM'R *v.* JOHN D. CROPPER.

**Decedent's Estates—Claims—Sufficiency of Pleadings.** '

Where an administrator is charged with the misuse of funds coming to his hands, and the petition contains no averment of the amount of assets coming into the hands of the administrator, an answer thereto is sufficient which alleges that all the assets had been used in the payment of the debts of the decedent before notice of the plaintiff's claim.

APPEAL FROM OWEN CIRCUIT COURT.

April 12, 1877.

OPINION BY JUDGE COFER:

The appellee sought to charge the appellant for a devastavit. The answer contained a denial of the alleged misuse of the assets in his hands, and an averment that all the assets had been used in the payment of the debts of the decedent before notice of the appellee's claim. If the answer is true the appellant is not liable. It is substantially the form laid down by Mr. Chitty (3 Chitty's Pleadings 944) ; and in *Commonwealth v. Richardson.* 8 B. Mon. 81, this court held a similar plea to be good.

If it be true, as claimed by the counsel for the appellee, that the an-

swer should have contained a statement of the amount of assets received, the remedy was not by demurrer but by rule to make the answer more definite. But the answer is as full and specific as the petition, which contains no allegation of the amount of assets received, the only allegation on that subject being that "a large amount of goods and chattels came to the hands of the defendant as administrator, of great value, to wit, of the value of $————, an amount more than sufficient to pay the preferred claims against said estate and to satisfy and pay plaintiff's judgment."

The allegation that an amount more than sufficient to pay the preferred debts and the plaintiff's judgment had come to the appellant's hands was merely formal. *Commonwealth v. Richardson,* 8 B. Mon. 81. If a definite amount had been stated in the petition, then the answer to that allegation would not have been good without stating the amount received.

But the averment that all he had received had been paid out on debts of the decedent would have presented a defense. It would generally render an answer inconveniently long to require each item paid by the administrator to be set out in the answer, and besides that to require it would be to introduce into the answer not only the facts constituting the defense, but the evidence of them.

The fact constituting that part of the defense is that all the assets received had been paid out in the course of administration before notice of the appellee's claim, and that fact is proved by evidence showing the existence of the debts and their payment by the administrator. A general plea of payment is good, and for the same reason a general plea of plene administravit is good also.

Judgment *reversed* and cause remanded with directions to *overrule* the demurrer.

*James Blacknell, for appellant.*

*Strother & Orr, W. M. Fisher, for appellee.*